IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA             :
                                     :  Criminal Action
                                     :  No. 06-CR-00701-1
             vs.                     :
                                     :
JOSE CEDENO #60176-066               :

**MEMORANDUM OPINION AND ORDER**

Golden, J.                                              July 10, 2007

    Before the Court is the government's Motion for a Trial Subpoena which would compel attorney John P. Karoly, Jr., counsel for defendant Jose Cedeno, to disclose the following material:

1. All journals, ledgers, receipts, deposited items, deposit tickets, correspondence, bank statements, checks, drafts, money orders and other accounting records reflecting payments or receipts of any type, whether in cash, by check or other instrument, or through other real or personal property, received from or on behalf of Jose Cedeno and Juan Minier, individually and collectively, or on their behalf;

2. Each retainer agreement between John P. Karoly, Jose Cedeno, and Juan Minier, individually and collectively, or on their behalf;

3. An affidavit from attorney John P. Karoly containing (a) all information known to counsel concerning the direct and indirect source of any fees (herein "fee sources") received (or expected to be received) in connection with this case; and (b) a description of any and all relationships between defense counsel and any and all fee sources, including a statement as to whether defense counsel has ever had an attorney-client relation with any

such fee sources.

For the foregoing reasons, the government's motion is granted in part and denied in part. Attorney Karoly is directed to produce a copy of any retainer and fee agreements between he and defendants Minier, Cedeno, individually and collectively, and the third parties who have funded or borrowed funds for their defense. Attorney Karoly will also produce a copy of the affidavit describing his retention in this matter, which was originally filed under seal with this Court on May 21, 2007.

Attorney Karoly is not required to submit to the government the exhibits attached to his affidavit, other than the fee agreements and acknowledgments signed by his clients. He is not required to disclose information, other than the identity of clients, related to his representation of clients in civil or administrative matters. He may redact from his affidavit any information that reveals the nature of his representation of clients in civil or administrative matters.

The government's motion is denied as to its request for all journals, ledgers, and receipts, and other documents described on page one, number one of this memorandum. After review of attorney Karoly's affidavit and fee agreements, the government may renew its motion. If necessary, the Court will schedule *in camera* review of each piece of requested material, to guard against disclosures violative of the attorney-client privilege.

### Factual and Procedural Background

Defendants Jose Cedeno and Juan Minier were indicted on December 12, 2006 as members of an alleged conspiracy to distribute large quantities of cocaine. At a December 13, 2006 detention hearing, attorney John Karoly appeared before Magistrate Judge Arnold Rapoport as counsel for Cedeno. During this hearing, attorney Karoly indicated that he had also been retained by Cedeno's co-defendant Juan Minier. Shortly thereafter, the government sent attorney

Karoly a letter indicating its opposition to his intention to represent two defendants, and requesting a voluntary accounting of the source of fees paid to him on behalf of Cedeno and Minier. Attorney Karoly responded by refusing to account for his fees, but indicating that he would represent only Cedeno.[1] He maintains that Cedeno and Minier were never represented jointly by him, and he never entered an appearance on Minier's behalf.

The government contends that cumulatively, Cedeno and Minier were in possession of over $1.3 million at the time of their arrest. The government also contends that Cedeno and Minier indicated via sworn affidavit that they did not have sufficient resources to retain counsel. In contrast, attorney Karoly maintains that Cedeno never exerted conscious control over vast sums of money. Furthermore, Karoly contends that the financial affidavits were completed by an unknown third party, and that his client has limited English proficiency.

The government asserts that it needs the requested information to determine:

1. the existence of unexplained wealth;
2. whether fees were derived from the proceeds of drug transactions;
3. whether the fees are being provided by other accomplices to the drug distribution conspiracy;
4. and whether the fees were derived from income that was otherwise lawfully obtained.

In response, attorney Karoly concedes that Cedeno and Minier's fees were paid by unnamed parties, one of whom is his client. He argues that the government's subpoena:

1. violates attorney-client privilege;
2. does not meet the four-pronged test of Federal Rule of Criminal Procedure 17(c), which outlines requirements for a pretrial subpoena;

---

[1] Since then, attorney Gavin Holihan was appointed to represent Minier, and Miner later hired attorney Erv D. McClain. According to his affidavit, attorney Karoly received a sum of money from defendant Minier's wife and family as a retainer.

3.  violates his client's rights to counsel under the Fifth and Sixth Amendments.

To resolve this issue, the Court held oral argument on May 8, 2007. The Court then ordered attorney Karoly to file under seal an affidavit regarding the fee agreements between he, Cedeno, Minier, and any third party benefactor. The Court instructed attorney Karoly to describe "what specific confidential communication between attorney and client, beyond the fact of retention, may be exposed if the Court grants the Government's motion." Attorney Karoly complied with the motion and filed the affidavit under seal on May 21, 2007.

Briefly, the affidavit indicated that the wives of defendants Cedeno and Minier had contacted attorney Karoly to explore representation for their husbands. Both of the defendants' wives reported to attorney Karoly that they could fund their husbands' defense by borrowing money from family members. Moreover, Cedeno's wife continues to work with attorney Karoly.

### Meeting the Requirements of Federal Rule of Criminal Procedure 17(c)

Before turning to the question of attorney-client privilege in this matter, the Court will address attorney Karoly's argument that the government's motion does not meet the four-prong test for a pre-trial subpoena, as outlined in *U.S. v. Nixon*, 418 U.S. 683, 700 (1974):

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

The first prong of the *Nixon* test, and attorney Karoly's corresponding arguments, apply primarily to the ledgers, receipts, and other business documents requested by the government. Attorney Karoly argued that these materials could not be authenticated and considered "evidentiary" without his testimony, which could not be compelled. Because the Court has

denied the portion of the government's motion that relates to those documents, it is not necessary to resolve that issue now.

As to the other three factors required by the *Nixon* test, the government's motion satisfies the same. Addressing the second *Nixon* prong, which assesses whether documents are "otherwise procurable," attorney Karoly argues that the government has hundreds of hours of conversations procured by wiretaps, and that through diligent excavation of these tapes the government might discover information about the relationship between Cedeno, Minier, and any benefactors. As a result, he argues, the information is "otherwise procurable" and thus the government fails to meet the *Nixon* test. However, the text of Rule 17(c), and the explanation of the rule in *Nixon*, clearly state that *documents,* not the ideas contained within them, must not be otherwise procurable. Therefore, the contents of the government's audio evidence are immaterial to the validity of the subpoena.

Prong three of the *Nixon* test requires a party to show the need to acquire the documents to prepare for trial. In his brief, attorney Karoly overemphasizes the idea that the subpoenaed material must be central to the government's case for a subpoena to be appropriate under Rule 17(c). According to the notes of the advisory committee which drafted the rule, the main goal of Rule 17(c) is to allow counsel to inspect documents before trial in order to determine if they intended to use them at all. *Nixon*, 418 U.S. 700 at n.11. The thrust of the Rule was therefore preventing delays at trial, not creating an additional test of the relevance of evidence. *Id.*

Moreover, the government discusses, at some length, the potential for a conflict of interest between Cedeno, Minier and their benefactors, which would certainly be central to this case. The Supreme Court has directed district courts to probe potential conflicts in cases in which an employer pays an employee's legal bills. *Wood v. Georgia*, 450 U.S. 261, 268-69